UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

RICHARD LUCAS,

Defendant.

**DECISION AND ORDER**

1:17-CR-00129 EAW

On May 28, 2019, Defendant Richard Lucas ("Defendant") was convicted by a jury of the one-count Indictment charging conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846. (Dkt. 238). The Indictment included a forfeiture allegation pursuant to 21 U.S.C. § 853(a)(1) and (2) seeking forfeiture of, among other property, the sum of $33,490 U.S. currency seized by law enforcement from within a hotel safe in a room registered to Defendant on May 15, 2017. (Dkt. 18 at 2). The parties agreed to have the Court resolve the forfeiture allegations as opposed to submitting the issues to the jury for a determination. *See* Fed. R. Crim. P. 32.2(b)(5).

On August 5, 2019, the Government filed a motion pursuant to Fed. R. Crim. P. 32.2(b)(1) for a Preliminary Order of Forfeiture with respect to the $33,490 U.S. currency. (Dkt. 255).[1] On August 26, 2019, Defendant responded in opposition to the motion. (Dkt.

---

[1] The Government initially also sought forfeiture of jewelry possessed by Defendant at the time of his arrest, but it subsequently withdrew that request. (*See* Dkt. 258).

- 1 -

257). The Government filed papers in reply on September 3, 2019. (Dkt. 258). Neither party requested a hearing pursuant to Fed. R. Crim. P. 32.2(b)(1)(B), and accordingly the matter was deemed submitted by Text Order issued September 4, 2019. (Dkt. 259).

The Government bears the burden to prove "the propriety of forfeiture by a preponderance of the evidence." *United States v. Nicolo*, 597 F. Supp. 2d 342, 345 (W.D.N.Y. 2009); *see also United States v. Gaskin*, 364 F.3d 438, 461 (2d Cir. 2004) (criminal forfeiture is part of the sentencing process and, therefore, as with other aspects of sentencing, "the government need prove facts supporting forfeiture only by a preponderance of the evidence"). The Government may meet this burden "based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Capoccia*, 503 F.3d 103, 109-10 (2d Cir. 2007) (forfeiture determination can be based both on evidence presented at forfeiture hearing and evidence already in the trial record). Furthermore, the traditional rules of evidence do not apply, and courts may consider hearsay and other inadmissible evidence so long as it is sufficiently reliable. *See* Fed. R. Evid. 1101(d)(3) (providing that that Rules of Evidence are inapplicable in sentencing proceedings); *Nicolo*, 597 F. Supp. 2d at 345 ("Deciding a motion for a preliminary order of forfeiture is part of the sentencing process. As such, the rules of evidence that must be followed in criminal trials do not apply to this proceeding.").

Here, the Government contends that the U.S. currency seized from the hotel room is forfeitable under two different theories. First, the Government contends that pursuant to 21 U.S.C. § 853(a)(1), the funds are forfeitable as proceeds obtained as a result of the criminal offense for which Defendant was convicted. Second, the Government contends that pursuant to 21 U.S.C. § 853(a)(2), the funds are forfeitable as property used to facilitate commission of the offense. In addition, the Government relies on the following rebuttable presumption:

> There is a rebuttable presumption at trial that any property of a person convicted of a felony under this subchapter or subchapter II is subject to forfeiture under this section if the United States establishes by a preponderance of the evidence that—
> (1) such property was acquired by such person during the period of the violation of this subchapter or subchapter II or within a reasonable time after such period; and
> (2) there was no likely source for such property other than the violation of this subchapter or subchapter II.

21 U.S.C. § 853(d).

Here, the evidence at trial established beyond a reasonable doubt—and certainly by a preponderance of the evidence—that the funds kept in the hotel room safe were proceeds generated by Defendant and his co-conspirator and co-defendant, Dominic Daniels ("Daniels"), from the sale to drug traffickers in the Buffalo area of wholesale quantities of cocaine obtained from Ricardo Vega ("Vega"). The credible evidence established that Room #113 at the Comfort Inn and Suites Buffalo Airport Hotel located at 901 Dick Road in Cheektowaga, New York, was Defendant's and Daniels' base of operations for their cocaine conspiracy. Indeed, Defendant admitted to Special Agents Christopher Wisniewski and

Thomas Webb that the money kept in the safe in Room #113 was proceeds of the sales of the 9 kilograms of cocaine that Defendant had received on May 14, 2017, from Vega.

In opposition to the Government's motion, Defendant acknowledges that Defendant admitted that the moneys in the safe were paid to him in exchange for the cocaine he was fronted by Vega. (Dkt. 257 at 8). Nonetheless, Defendant contends that the Court should view "this 'admission with skepticism.'" (*Id.*). The Court disagrees. Rather, the Court viewed the testimony of Agents Webb and Wisniewski as credible, and furthermore, the Court believes that Defendant's admissions accurately portrayed his role in the cocaine conspiracy. Defendant's admissions were corroborated by other evidence introduced at the trial, including Defendant's travelling to Texas in January 2017 using an alias, the evidence of Defendant's involvement with cocaine trafficking at a Pilot truck stop in Erie, Pennsylvania in December 2016, and the evidence of drug trafficking seized from the storage locker rented by Defendant at Life Storage located at 1275 Sheridan Drive in Tonawanda, New York.

The Court acknowledges that the jury did not find Defendant accountable for the 9 kilograms of cocaine that he identified to Agents Webb and Wisniewski, but the Court easily concludes that the preponderance of the evidence establishes that Defendant received exactly that amount of cocaine on May 14, 2017, from an unknown Mexican male who Defendant met at a Red Roof Inn in Lancaster, New York, according to a prearranged plan with Vega.

The rebuttable presumption of 21 U.S.C. § 853(d) further supports the conclusion that the funds seized from the hotel safe are forfeitable. The credible evidence establishes by a

preponderance of the evidence that the moneys were possessed by Defendant, that the moneys were acquired by him during the charged conspiracy, and that Defendant had no likely source for the money other than the cocaine conspiracy. (*See, e.g.*, Dkt. 255-1 at ¶ 17 ("While LUCAS was on supervised release in 2013 and then again in 2015 through 2017, LUCAS failed to find stable employment.")). But the presumption is not even necessary, because the evidence plainly demonstrates that the moneys seized from the hotel safe were proceeds of Defendant's cocaine conspiracy.

Because the Court concludes that the moneys are forfeitable pursuant to 21 U.S.C. § 853(a)(1), it need not and does not reach the Government's alternative argument that the moneys are forfeitable pursuant to § 853(a)(2).

Accordingly, the Government's motion for a preliminary order of forfeiture (Dkt. 255) is granted. The Government is directed to submit a proposed order to the Court.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 13, 2019
       Rochester, New York